**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JACQUELINE M. BARROW,
      Plaintiff,

    vs.

UNITED AUTO CREDIT CORPORATION,
      Defendant.

Case No. 1:11-cv-38
Weber, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court following a telephone discovery conference with the undersigned magistrate judge held this date.  Attached to this Order are the parties' written submissions on the discovery matters in dispute with the exception of the documents produced by defendant in response to plaintiff's discovery request.

In response to plaintiff's request for production of documents, defendant produced approximately 100 pages of documents.  Plaintiff requests an Order compelling defendant to comply with the dictates of Rule 34 which requires the party who produces documents for inspection to produce them "as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(2)(E)(i).  Plaintiff contends that defendant has not complied with either procedure.  Defendant asserts that such documents were produced in the usual course of business.  Because defendant bears the burden of such a showing, the Court orders defendant to identify: (1) where the documents were maintained, (2) who maintained them, (3) whether the documents came from one single source or file or from multiple sources or files and an identification of such files or sources.  *See Consolidated Rail Corp. v. Grand Trunk Western R.R. Co.*, No. 09-CV-10179, 2009 WL 5151745, at *3 (E.D. Mich. Dec. 18, 2009).  For its email production which defendant represents

was produced in chronological order with attachments, defendant must specifically identify the custodian of each responsive email produced. *See Valeo Electrical Systems, Inc. v. Cleveland Die & Mfg. Co.*, No. 08-cv-12486, 2009 WL 1803216, at *2 (E.D. Mich. June 17, 2009). For non-email electronically stored information, defendant must identify its production of documents by custodian and by the file's location on the hard drive-directory, subdirectory, and file name. *Id.* As an alternative, defendant is permitted to produce an index which identifies each document by bates number to correspond to the specific document requests. Defendant shall comply with this Order by **Friday, May 20, 2011**.

Also at issue are defendant's responses to plaintiff's Request for Admission No. 13 and Request for Admission No. 14. The Court has reviewed the parties' letters and attachments, and determines that defendant's responses to Request for Admission No. 13 and Request for Admission No. 14 as clarified in its letter of May 9, 2011 to counsel for plaintiff appropriately addresses the Requests for Admission.

The Court declines to order sanctions in this matter as they are not warranted.

With respect to any issues arising from defendant's most recent discovery requests propounded on plaintiff to which a response is not yet due, such issues will not be addressed by the Court at this time as they are premature.

**IT IS SO ORDERED**.

Date: 5/12/2011

Karen L. Litkovitz
United States Magistrate Judge

2

Subject: Barrow vs. UACC case no. 1-11cv38

From:   "Steve Shane"

To:     Arthur_Hill, "Shawn J. Organ"

Date:   05/10/2011 02:26 PM

---

Dear Mr. Hill:

Please find below summary of discovery dispute scheduled to be resolved on 5/12/11 at 9:30 along with relevant attachments indicating that the undersigned counsel complied with all local rules in an effort to informlly resolve this matter before resorting to seeking the assistance of the Magistrate as well as the discovery itself which is at issue. Please see that Magistrate Judge Litkovitz has an opportunity to review same prior to our conference. Thanks.

Steven C. Shane
Atty for Plaintiff

## Defendant's Response to Plaintiff's Request for Production of Documents: (see attached Defendant's Response & Exhibit A)

Plaintiff served Defendant with a Request for Production to which Defendant timely responded. In the request the undersigned counsel requested that Defendant label each of the documents to correspond with each specific request to produce which is one of the options set forth in rule 34. Defendant did, in fact, Bates number each of the documents but there was no reference in its written response to which specific request these numbered documents corresponded or applied. Instead, Defendant, essentially, produced a stack of documents and nothing else. Civil Rule 34b(2)(E)(1) provides that a party must produce documents as they are kept in the usual course of business or must label them to correspond to the categories in the request which was the format requested by Plaintiff. From experience, most people prefer to label because it is easier.

Defendant, of course, is under no obligation to comply with Plaintiff's request in the format requested but, at the very least, must produce the documents as they are kept in the usual course of business. Defendant acknowledges these requirements as set forth in paragraph 3 of its General Objections yet has not complied in spite of numerous requests to do so. Producing a stack of documents and simply claiming that they are as kept in the usual course of business does not satisfy defendant's burden. Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 527 (S.D. W.Va. 2007). **A party who chooses the option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner. Cardenas v. Dorel Juvenile Group, Inc., 230 F.R.D. 611, 618 (D. Kan. 2005). A party satisfies that burden by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files.** Valeo Electrical Systems, Inc. v. Cleveland Die & Mfg. Co., 2009 WL 1803216, *2 (E.D. Mich. 2009). Id. See also Pass & Seymour, Inc. v. Hubbell Inc., 255 F.R.D. 331, 334-35 (N.D.N.Y. 2008) (party failed to satisfy requirement of Rule 34(b)(2)). That would make the documents produced by defendant here like those in the cardboard box produced by the defendant in T.N. Taube Corp. v. Marine Midland Mortg. Corp.,136 F.R.D. 449, 456 (W.D. N.C. 1991), where the district court observed that it was "certainly improbable that Marine Midland routinely haphazardly stores documents in a cardboard box." Here, the documents came from someone's computer and plaintiffs are entitled to know that location and how the documents were stored.

The need for Defendant to comply with the rules is important to Plaintiff for 2 reasons: First, he cannot know for certain and has to guess what any of these documents are in order to evaluate the quality of the response of the Defendant to the Request for Production. Second, the proper labeling of the Response allows Plaintiff's counsel to attach the Request to any future dispositive or any motion so that the Court in reviewing such motion will clearly know what the document is.

## Defendant's Plaintiff's Request for Admissions (see attached Defendant's Response to Plaintiff's Request for Admissions, Exhibits B & C)

Defendant has played fast and loose with Plaintiff's First Request for Admissions and, essentially, ignored all of Plaintiff's Instructions to simply admit or deny the facts asserted in each one and, if denied, to respond to an interrogatory detailing any and facts explaining the factual basis for the denial. The undersigned has decided to ignore most of this with the exception of only 2 specific requests which he deems most critical to Plaintiff's case. Those were numbers 13 & 14 which simply asked the Defendant to admit or deny whether it possessed an application executed by the Plaintiff on January 12, 2011 and whether it possessed any application executed by the Plaintiff any time after October, 2010. Initially, Defendant objected to both requests and refused to admit or deny claiming that the word "executed" was ambiguous in spite of its plain English meaning; especially, to someone in the legal profession. The undersigned wrote to Mr. Organ on May 5, 2011 requesting a more appropriate response (exh B). Defendant's clever response was to make the identical response but in each case adding a denial. However, the denial doesn't address either of the facts asked to be admitted or denied. Instead Defendant dreams-up a legal theory of "an open-ended" credit application referring to one which was executed by Plaintiff in October, 2010. Plaintiff wishes to have Defendant specfically address the fact requested by having it respond either admitted or denied. The Court can judge for itself whether the Defendant has appropriately addressed each of these. The purpose of admissions are to establish the existence of certain basic facts and to pin down parties to them which, obviously, saves time and expense for everyone concerned. There is a sanction under rule 36 for falsely denying a fact known to be true.The 2 examples mentioned herein are not responses made in good faith and the undersigned asks that Defendant be ordered to respond appropriately.  If Defendant is permitted to weazle its responses in this manner then Rule 36 discovery has no value or purpose

and is a waste of time.

## Sanctions

It has taken considerable time for the undersigned to deal with these issues which are presented herein. This was time needlessly spent; especially, with respect to the issue involving a request for production of documents which Defendant itself acknowledges its obligation in its written response and which obligation is so clear under the civil rules. Unless this Defendant is made to compensate Plaintiff for this wasted time, this Defendant is going to require the undersigned to contantly seek the assitance of the Court in these matters which is something the undersigned intensely dislikes as well, I'm sure, the Court.

Steven C Shane
PO BOX 73067
Bellevue, Ky 41073

859-431-7800 ext 11  shane.vcf Defendant's Initial Response to First Amended Request for Production.pdf exh A.pdf

UACC Responses to RFA and Interrogs.pdf exh B.pdf exh C.pdf

# ORGAN·STOCK LLP
## ATTORNEYS AT LAW

1335 DUBLIN ROAD
SUITE 104D
COLUMBUS, OH  43215
614-481-0900

April 22, 2011

614.481.0900
sjorgan@organstocklaw.com

*Via* U.S. Mail and Electronic Mail
Steven C. Shane, Esq.
P.O. Box 73067
Bellevue, KY 41073
shanelaw@fuse.net

Re:   Barrow v. United Auto Credit Corporation; Case No. 1:11-cv-38

Dear Mr. Shane:

Enclosed please find Defendant United Auto Credit Corporation's Answers and Responses to Plaintiff's First Amended Request[s] for Production of Documents that we are hereby serving upon you.

If you have any questions or need additional information, please contact me.

Very Truly Yours,

Shawn J. Organ

## Steve Shane

**From:**     "Steve Shane" <shanelaw@fuse.net>
**Date:**     Wednesday, April 27, 2011 8:21 PM
**To:**       "Shawn J. Organ" <sjorgan@organstocklaw.com>
**Subject:**  Re: Barrow v. United Auto Credit Corp.; Case No. 1-11-cv-38 -- Deft's Answers to Req. for Production

Mr. Organ:

This is a follow-up to my earlier message of today with specific case authority in support of our position that you have failed to comply with civil rule 34 in responding to our requesst for production. Obviously, you have not produced the documents in the manner requested which was that you reference each one to correspond with each response. Therefore, you must be claiming to have produced the documents as they are maintained by your client in the ordinary course of business. In that case, you again have not complied with that requirement as well. The following is some case authority in support of our position. A stack of documents that you produced is in violation of Fed. R. Civ. P. 34(b)(2)(E)(□□) because the documents are neither categorized by response, nor produced as kept in the usual course of business. The documents contain no indication of their source or custodian. Producing a stack of documents and simply claiming that they are as kept in the usual course of business does not satisfy defendant□□□s burden. Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc., 246 F.R.D. 522, 527 (S.D. W.Va. 2007). A party who chooses the option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner. Cardenas v. Dorel Juvenile Group, Inc., 230 F.R.D. 611, 618 (D. Kan. 2005). A party satisfies that burden by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files. Valeo Electrical Systems, Inc. v. Cleveland Die & Mfg. Co., 2009 WL 1803216, *2 (E.D. Mich. 2009). . Id. See also Pass & Seymour, Inc. v. Hubbell Inc., 255 F.R.D. 331, 334-35 (N.D.N.Y. 2008) (party failed to satisfy requirement of Rule 34(b)(2)).   That would make the documents produced by defendant here like those in the cardboard box produced by the defendant in T.N. Taube Corp. v. Marine Midland Mortg. Corp.,136 F.R.D. 449, 456 (W.D. N.C. 1991), where the district court observed that it was □□□certainly improbable that Marine Midland routinely haphazardly stores documents in a cardboard box.□□□ Here, the documents came from someone□□□s computer and plaintiffs are

EXH A

entitled to know that location and how the documents were stored.

As I said you have one week from today to resubmit the documents in precise compliance with rule 34b. Please note that this is not a waiver of any objection we may have to your response on the merits. It is first necessary to understand your response before we can address that issue.

SCS

Steven C Shane
PO BOX 73067
Bellevue, Ky 41073
859-431-7800 ext 11

**From:** Shawn J. Organ
**Sent:** Friday, April 22, 2011 3:28 PM
**To:** Steven C. Shane
**Subject:** Barrow v. United Auto Credit Corp.; Case No. 1-11-cv-38 -- Deft's Answers to Req. for Production

Dear Mr. Shane:

Attached please find a cover letter and Defendant United Auto Credit Corporation□□□s Answers and Responses to Plaintiff□□□s First Amended Request[s] for Production of Documents.  The actual production has been sent *via* ordinary U.S. Mail.

If you have any questions, please feel free to contact me.

Shawn J. Organ
**ORGAN STOCK LLP**
1335 Dublin Road
Suite 104D
Columbus, Ohio  43215
614.481.0900

EXH A

614.481.0904 (fax)
www.organstocklaw.com

==========

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

==========

EXH A

# Steven C. Shane

**Attorney At Law**

(859) 431-7800 telephone
(859) 431-3100 facsimile

1-800 573-4387 toll free
clients only

P.O. Box 73067
Bellevue, Ky. 41073

www.fairdebtcollection.com (webpage)

May 5, 2011

Shawn J. Organ
Organ Stock LLP
1335 Dublin Rd.
Suite 104D
Columbus, OH 43215

**re: Barrow vs. United Auto Credit Corp. (S.D. Ohio 1:11cv38)**
**civil rule 37 letter**

Mr. Organ:

This letter is written pursuant to civil rule 37 and the S.D. Ohio local rules preparatory to adding this to the agenda of our discovery conference currently scheduled for May 12, 2011 at 9:30 with Magistrate Litkovitz. On April 21, 2011 you served us with Defendant's Responses to Plaintiff's First Request for Admissions and Interrogatories. Having reviewed these responses, we find that you have not complied with either civil rule 36 in the following two respects:

**Admission No. 13:** You were asked to admit or deny as follows: **You possess no application for credit executed from the Plaintiff executed on or about January 12, 2011.** Your response was that you have an open-end credit application from the Plaintiff which asserts that an application executed at an earlier date is, apparently, effective for a later date. We are not seeking your legal theories but just admissions or denials of specific fact and, to that extent, this is non-responsive. The admission simply asks whether or not you have a credit application from the Plaintiff executed on January 12, 2011. Please just admit or deny whether you have such a credit application.

EXH B

-page 2-
letter to Shawn Organ
re: Barrow vs. UACC
May 5, 2011

**Admission No. 14:** We have, essentially, the same issue with your response as
in no. 13 which is that your response was non-responsive. We have asked only whether
you have in your possession any credit application signed by the Plaintiff other than one
she signed in October, 2010. We are not interested in your legal theory that an application
executed in October is a continuing one or is effective on a later date. That is for a Judge
to decide. Please just respond whether you admit or deny.

Having reviewed your entire response to this written discovery I believe the reference to
just these 2 requests as being non-responsive and defective while ignoring your many
other obfuscations and convoluted responses, is extremely generous on our part. As a
practical matter the 2 mentioned herein are the only admissions critical to obtaining
summary judgment on the issue of fcra liability at some future date which is why they
can't be ignored. Therefore, please cure these 2 defects on or before May 10, 2011 in the
manner suggested herein. Otherwise, I will add this to the agenda for our discussion with
Magistrate Litkovitz on the 12th.

Finally, we will need leave to exceed the limitations placed on the number of requests for
admissions by the local rules. Just seeking the authenticity of the many documents
involved in this case will require us to go well beyond that limit. I mentioned this in our
rule 26(f) report so it should not come as a surprise. The local rules, once again, require
me to first ask whether you will oppose this before the filing a motion for leave to exceed
the limitations discussed herein.

SCS/dn                                          Sincerely,

                                               Steven C. Shane

EXH B

# ORGAN·STOCK LLP
## ATTORNEYS AT LAW

1335 DUBLIN ROAD
SUITE 104D
COLUMBUS, OH 43215
614-481-0900

May 9, 2011

614.481.0900
sjorgan@organstocklaw.com

*Via* Electronic Mail
Steven C. Shane, Esq.
P.O. Box 73067
Bellevue, KY 41073
shanelaw@fuse.net

Re:   Barrow v. United Auto Credit Corporation: Case No. 1:11-cv-38

Dear Mr. Shane:

We are in receipt of your letter dated May 5, 2011, wherein you raise discovery issues regarding our responses to your client's Requests for Admissions Nos. 13 and 14. We address each of your issues below.

So that there is no confusion regarding your client's Request for Admission or defendant United Auto Credit Corporation's ("United Auto") response, the discovery requests and United Auto's responses are set forth below in their entirety:

**Request for Admission No. 13:** You possess no application for credit executed from the Plaintiff executed on or about January 12, 2011.

**Response:** United Auto objects to Request for Admission No. 13 as it is vague and ambiguous in its repeated use of "executed." Subject to and without waiving this objection, and for clarification, United Auto possesses an executed Credit Application from Plaintiff Jacqueline Barrow and a Retail Purchase Agreement from Plaintiff Jacqueline Barrow. The Credit Application is open-ended. The Retail Purchase Agreement relates to her effort to purchase a 2005 Ford Explorer that was at such time (and currently remains) owned by her husband, subject to a lien held by United Auto as such vehicle is financed through United Auto.

**Request for Admission No. 14:** You possess no application for credit executed by the Plaintiff other than one executed in October, 2010.

**Response:** United Auto objects to Request for Admission No. 14's legally incorrect inference that United Auto needs more than the open-ended

EXH C

2 | Page

Credit Application signed by Jacqueline Barrow on October 9, 2010. Further objecting, Request for Admission No. 14 is legally incorrect in its suggestion that a signed, open-ended credit application is only valid for one day and, presumably, United Auto was required to obtain repeated written credit applications each time Plaintiff returned to the automobile dealership in November 2010, December 2010, and January 2011 seeking to purchase vehicles from Performance LTD on credit. Further responding, United Auto has received from Plaintiff Barrow a copy of a credit application for "Applicant" "Barrow, Jackie" and "Co-Applicant" "Barrow, Donovan" signed on November 20, 2010 and December 14, 2010, respectively. As such, the request is denied.

### Request for Admission No. 13.

Regarding Request No. 13, your letter misrepresents a responding parties rights and obligations. More specifically, Federal Civil Rule 36(a)(5) expressly provides that "[t]he grounds for objecting to a request must be stated." As such, your letter's representation that "[w]e are not seeking your legal theories but just admissions or denials of specific fact (sic)," either misunderstands or misrepresents our ability and right to assert and preserve our objections, and to clarify our response.

Second, we have two credit applications signed by Plaintiff. Our effort was to be complete and thorough in responding to your request, as the overarching goal of discovery is to eliminate surprises at trial. Consequently, more information is typically favored over less. Nevertheless, and in the spirit of compromise, we amend our response to add:

"United Auto admits that it does not currently have in its possession a credit application signed by Jacqueline Barrow on January 12, 2011."

### Request for Admission No. 14.

Regarding Request No. 14, it is not clear what issue you have with United Auto's response. Specifically, you wrote: "[United Auto's] response was non-responsive." We disagree. Your letter further explains: "[w]e have asked only whether you have in your possession any credit application signed by the Plaintiff other than the one she signed on October, 2010." And, we directly and completely responded:

United Auto has received from Plaintiff Barrow a copy of a credit application for "Applicant" "Barrow, Jackie" and "Co-Applicant" "Barrow, Donovan" signed on November 20, 2010 and December 14, 2010, respectively. As such, the request is denied.

That response is entirely responsive, not only in denying the request—which based on your position is all we would be required to do—but further, in explaining why we are denying

3 | P a g e

the request.  As such, it is not clear what issue you have with the response and how or why you claim that is "non-responsive."

And finally, regarding your request for leave to exceed the limit placed on requests for admissions, we cannot agree.  This is neither a complex, nor document intensive case. Moreover, you have subpoenaed Performance LTD and represented that you will be taking the 30(b)(6) deposition of United Auto.  Those depositions alone should provide ample opportunity to authenticate any documents you believe may be relevant in this case.

If you have any questions or need additional information, please contact me.

Very Truly Yours,

Shawn J. Organ

EXH C

# ORGAN · STOCK LLP

## ATTORNEYS AT LAW

### 1335 DUBLIN ROAD
### SUITE 104 D
### COLUMBUS, OHIO 43215
### 614.481.0900

May 11, 2011

614.481.0900
sjorgan@organstocklaw.com

*Via* Electronic Mail to:
(litkovitz_chambers@ohsd.uscourts.gov)
Magistrate Judge Karen L. Litkovitz
Potter Stewart U.S. Courthouse, Rm 716
100 East Fifth Street
Cincinnati, Ohio 45202

Re:     Barrow v. United Auto Credit Corporation; Case No. 1:11-cv-38

Dear Honorable Mag. Judge Litkovitz:

The case before this Court is neither complex nor fact or document intensive. Rather, it is a simple claim that arises out of plaintiff Jacqueline Barrow's ("Barrow") efforts to buy a car at a dealership near Cincinnati—Performance LTD—on or about January 12, 2011, and have defendant United Auto Credit Corporation ("United Auto") finance the deal. To evaluate whether to loan Barrow over ten thousand dollars ($10,000.00), United Auto pulled Barrow's credit report. Barrow claims the credit report was pulled without her authorization, in violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* ("FCRA") and state common law privacy rights. (*See* First Amended Complaint). The facts as developed to this early point reflect that Barrow has no FCRA claim against United Auto.

Specifically, attached as Exhibit A is an affidavit from the former general manager of Performance LTD, Steven Haddad, wherein he states: "On January 12, 2011, Jacqueline Barrow came into Performance and specifically approved, to me, seeking financing on her behalf with United Auto Credit for the 2005 Ford Explorer. . . . I later learned that she sued United Auto Credit claiming that it had accessed her credit report without her approval. That claim is false . . . .." Having given both written and verbal authorization for United Auto to evaluate her creditworthiness, Ms. Barrow simply cannot make out a FCRA claim.

Currently before the Court is Plaintiff's manufactured assertion that discovery issues exist related to: (A) the manner in which United Auto produced sixty-four (64) documents or ninety-seven (97) pages; and (B) United Auto's responses to Request for Admission Nos. 13 and 14. It is United Auto's position that no legitimate discovery issues exist. Rather, plaintiff's counsel is following through on his threat to drive up litigation costs in a nuisance value case.

Indeed, Barrow's counsel candidly admitted as much in his April 18, 2011 email, wherein he wrote the following regarding damages:

> I explained from the beginning the only time we spoke that ***my client didn't have economic damages and that they were primarily emotional.*** In other words that damages were not that large. . . . Although they may not be great, no court or jury is going to fail to award damages to any individual under these circumstance. ***What will be enormous will be my fees which these statutes requires your client to pay. I fully expect that you are going to have to spend considerable time yourself complying with our written discovery due very shortly. Let me assure you that we will not tolerate any shortcuts in your response.***

(*See* attached exhibit B at 2)(emphasis added).

With that factual background, United Auto will briefly address the three claimed discovery issues:

## I.    The United Auto's Document Production.

United Auto's document production consisted of 97 pages, produced as maintained in the ordinary course of business as permitted under Fed. Civ. R. 34(b)(2)(E)(i)("[a] party must produce documents *as they are kept in the ordinary course of business* or must organize and label them to correspond to the categories in the request")(emphasis added). Because this is a simple case, all of the documents are self-explanatory and obvious. Nevertheless, Plaintiff objected to the legally permissible manner in which they were produced claiming: "[w]e cannot determine what any of the documents are or whether you have adequately responded to each request." Rather than ignore Plaintiff's feigned ignorance, United Auto responded to Barrow's counsel *via* email on May 2, 2011. (*See* attached Exhibit C). In United Auto's response, it expressly and precisely identified for Mr. Shane seventy (70) of the ninety-six pages, and offered: "[i]f there are any additional documents in the remaining 26 pages the you can't determine what they are, please identify them by Bates-stamp and we will attempt to assist you." (Exhibit C at 2). Mr. Shane never took us up on our offer and instead contacted this Court to seek this conference.

Additionally, there are several problems with Plaintiff's position. First, the courts have recognized that "[o]nly in 'exceptional circumstances' have some courts compelled a producing party to further organize its documents." *Valeo Elect. Systems, Inc. v. Cleveland Die & Mfg. Co.*, 2009 WL 1803216, at *4 (E.D. Mich) citing *3M Co. v. Kanbar*, 2007 WL 1725448, at *2 (N.D.Cal.). Second, the threshold issue is whether the production was "reasonable and usable." *See, e.g., United States v. O'Keefe*, 537 F.Supp.2d 14, 23 (D.D.C.2008). Thus, before United Auto must bear the burden of showing that the documents were kept in the usual course of business, Barrow must first convince this Court that United Auto's production is not reasonable and usable—something Barrow fails to even attempt to argue. Third, "[t]he provision authorizing production in accordance with this second option (labeling the documents) was born out of the disfavor shown by courts to the dumping of massive quantities of documents, with no indexing or readily apparent organization . . . ." *Pass & Seymour, Inc. v. Hubbell, Inc.*, 255

3 | P a g e

F.R.D. 331 (N.D.N.Y.2008). Here, in a production of 96 pages, there is no similar concern. Fourth, and consistent with the third point above, in every case cited by Plaintiff where the size of the production was identified, the productions were enormous and the risk of "hiding" documents in the productions was a concern—which is not an issue here.[1] And fifth, even were this Court to conclude that United Auto's document production requires additional organization, the remedy courts impose is the requirement of an index. That is essentially what United Auto has already provided in counsel's May 2, 2011 email (Exhibit C), coupled with the offer to further assist with any additional documents Plaintiff cannot identify or understand.

In short, United Auto's production is legally proper, completely reasonable, and readily usable. As such, nothing more should be required of United Auto.

**II.     United Auto's Responses to Request for Admission Nos. 13 and 14.**

United Auto's position regarding its Responses to Request for Admission Nos. 13 and 14 are fully set forth in United Auto's counsel's May 9, 2011 letter to Steven C. Shane—attached hereto as Exhibit D and incorporated herein.

If the Court has any questions or needs additional information, please feel free to contact me.

Very Truly Yours,

Shawn J. Organ

cc:     Steven C. Shane, Esq. (w/ attachments *via* email)
        Peter Krogh, Esq. (w/ attachments *via* email).

---

[1]     For example, in *Pass & Seymour, Inc. v. Hubbell, Inc.*, 255 F.R.D. 331 (N.D.N.Y.2008) the document production exceeded 400,000 documents. In *Valeo Elect. Systems, Inc. v. Cleveland Die & Mfg. Co.*, 2009 WL 1803216 (E.D. Mich), a case in which the Court denied the remedy Plaintiff seeks here, there were over 270,000 documents at issue. And, in *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611 (D.Kansas 2005), over 18,000 documents were produced in nine bankers' boxes.